# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-3033 PA (GJSx) | Date | April 24, 2017 |
|---|---|---|---|
| Title | Jeff Kim v. BMW of North America, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant BMW of North America, LLC ("Defendant"). In its Notice of Removal, Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Jeff Kim ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-3033 PA (GJSx) | Date | April 24, 2017 |
|---|---|---|---|
| Title | Jeff Kim v. BMW of North America, LLC | | |

In support of its allegations that the Court possesses diversity jurisdiction, the Notice of Removal alleges: "Plaintiff Jeff Kim, at the time this action was commenced, was and still is domiciled in Los Angeles County, California, as established by: (1) Plaintiff's Complaint, (2) the home address on the purchase agreement for the Subject Vehicle, (3) the home address on the repair orders for the Subject Vehicle, and (4) the home address provided by Plaintiff to BMW NA's customer service department. (Notice of Removal, ¶ 10.) However, Plaintiff's Complaint only alleges that Plaintiff "is, and at times mentioned herein was, a resident of the County of Los Angeles, State of California." (Id., Ex. A, ¶ 3.) Therefore, the Complaint, and each of the additional pieces of evidence cited in the Notice of Removal, allege only Plaintiff's residence. Because the only support for Defendants' allegation of Plaintiff's citizenship is an allegation of residence, and residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

For all of the foregoing reasons, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC647200. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.